{¶ 71} I must respectfully dissent from the majority's decision to reverse the trial court's grant of summary judgment to defendants-appellees on plaintiff-appellant's claims for breach of contract, handicap discrimination, interference with a business relationship, and termination in violation of public policy. The majority bases its decision on the conviction that a genuine issue of material fact exists whether Heiser was properly expelled under the terms of the close corporation agreement. Because reasonable minds can only conclude that the shareholders were entitled to discharge Heiser under the terms of that agreement, I must dissent.
 {¶ 72} Under the terms of the close corporation agreement, Heiser could be "expelled for cause" for the following reasons:
 {¶ 73} "B. Professional misconduct or intentional violation of the code of professional ethics.
 {¶ 74} "C. Action that injured the professional standing of the firm, if such action continues after its desistence is requested by the managing partner, or by a majority or Shareholder vote."
 {¶ 75} By Heiser's own admission, he regularly returned to the office after "drinking excessively." Heiser also testified that he would work at the office, including interacting with clients, while intoxicated about twice a week during 2000. Heiser's partners testified that Heiser regularly missed staff and partner meetings, that he was frequently absent from the office for long periods during the day, and that he would "pass out" on the couch in his office. Heiser's wife testified that his drinking affected his "everyday activities," including walking, talking and thinking. Heiser has been aware of the firm's professional concerns about his working while intoxicated since 1996.
 {¶ 76} While the majority concedes that this "arguably" constitutes professional misconduct, the majority concludes that a factual issue exists whether Heiser was expelled pursuant to section B or section C of the close corporation agreement. The evidence before this court does not warrant such a conclusion.
 {¶ 77} The decision to expel Heiser occurred at a shareholder meeting on February 27, 2001. Donald Jesko, managing partner of Heiser Jesko at the time of Heiser's expulsion, testified that Heiser was expelled "for professional misconduct under paragraph B" as well as for compromising the professional standing of the firm under section C. This testimony is uncontradicted.
 {¶ 78} The majority relies upon the February 23, 2001 letter to Heiser which stated that Heiser's "actions, behavior and professional conduct are unacceptable and * * * are adversely affecting the professional reputation and standing of Heiser Jesko." Unless Heiser underwent a substance abuse program "agreeable to a majority of the shareholders," the shareholders would "proceed with the terms of expulsion pursuant to the provisions of the Close Corporation Agreement." Contrary to the majority's position, this letter does not create a genuine issue whether Heiser was expelled pursuant to section B or section C. The February 23, 2001 letter is not a statement of the reasons for Heiser's expulsion, but rather notice that grounds currently exist, i.e. his "unacceptable * * * professional conduct," for his expulsion. The majority's interpretation of the evidence unfairly (and in hindsight) imposes an either/or choice upon the Heiser Jesko shareholders: they could have either expelled Heiser immediately under section B or have conditioned his expulsion pursuant to section C. The reality is that both options were available to the shareholders. Their right to expel Heiser for unprofessional conduct was not lost merely because they offered him an opportunity for rehabilitation.
 {¶ 79} Since Heiser's expulsion was proper under the close corporation agreement, there is no basis for the breach of contract claim, and the majority's justifications for reversing summary judgment relative to the handicap discrimination, interference with a business relationship, and termination in violation of public policy claims are also incorrect.
 {¶ 80} In sum, the fact of Heiser's professional misconduct is not disputed, nor is the fact that he was expelled for such misconduct. Heiser and Jesko are entitled to summary judgment on these claims. Accordingly, I respectfully dissent.